43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. FRITCHEY, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, named as The
Immigration & Naturalization, Defendant-Appellee.
 No. 94-1232.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff, appearing pro se, sought an order from the district court directing the defendant agency to adjudicate his wife's immigration case, renew her work permit, and grant her permanent residence status. The district court held that plaintiff lacked standing to bring the claims, and dismissed plaintiff's case as legally frivolous under 28 U.S.C.1915(d), and alternatively, for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). Plaintiff appeals, again representing himself, renewing his request for an order directing the defendant agency to take action on behalf of his wife, and adding a claim under 18 U.S.C. 242, apparently claiming a deprivation of rights based on alienage.
 
 
 4
 We exercise our jurisdiction under 28 U.S.C. 1291 and affirm. Because this court will not consider an issue on appeal that was not raised in the district court, Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir.1992), we do not address plaintiff's claim brought under 18 U.S.C. 242.
 
 
 5
 Our initial inquiry is the threshold question of plaintiff's standing to pursue his wife's claims. He did not seek relief on his own behalf. Our review of the district court's decision on standing is de novo. Board of County Comm'rs v. W.H.I., Inc., 992 F.2d 1061, 1063 (10th Cir.1993). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982)(quotation omitted). Accepting as true plaintiff's allegations and construing the complaint in his favor, Pennell v. San Jose, 485 U.S. 1, 7 (1988), it is clear that plaintiff is resting his claim solely on his wife's rights and interests.[2] Therefore, we conclude plaintiff lacks standing to bring this case. Consequently, neither the district court nor this court has jurisdiction over plaintiff's claims. See Board of County Comm'rs, 992 F.2d at 1063 (standing is a prerequisite to this court's jurisdiction).
 
 
 6
 Plaintiff has filed several motions with this court. We will construe his motion to have his wife's work authorization card reinstated and his motion to have additional information introduced as a petition for writ of mandamus. Relief is denied for the same reasons stated by the district court: (1) plaintiff lacks standing to bring claims for relief based on the legal rights or interests of his wife, and (2) he has failed to "carry 'the burden of showing that his right to issuance of the writ is "clear and indisputable." ' " Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (citations omitted).
 
 
 7
 Plaintiff's remaining motions are DENIED.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 To the extent plaintiff attempts to represent his wife by bringing her claims for her, he may not do so as a nonlawyer. A pro se litigant may represent only himself